Joshua R. H. Potts, Chicago, Ill. (Anthony J. Turchetti, Philadelphia, Pa., of counsel), for appellant.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, 99 U.S.P.Q. 421, affirming the refusal of the Examiner of Trade-Marks to register on the Principal Register the notation "Retractable Anvil" for "Stapling Machines both hand and power operated," under Section 2(f)[1] of the Lanham Act (Trade-Mark Act of 1946).

Application of **INTERNATIONAL STAPLE & MACHINE CO.**

Patent Appeal No. 6127.

United States Court of Customs and Patent Appeals.

July 1, 1955.

1. "Sec. 2. Trade-marks registrable on the Principal Register

\* \* \* \* \*

"(f) Except as expressly excluded in paragraphs (a), (b), (c), and (d) of this section, nothing herein shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce. The Commissioner may accept as prima facie

The examiner denied registration on the ground that the mark was so generically descriptive of a feature of the goods as to be incapable of indicating origin.

Upon appeal, the commissioner was of the opinion that in cases of this kind the issue is not whether a word or term is incapable of distinguishing, but "whether the evidence submitted, in view of the nature of the word or term, is sufficient to support a claim of secondary meaning, or distinctiveness." It was held that the evidence was not sufficient to support appellant's claim.

Appellant here contends that in view of the provisions of Section 2(f), supra, the commissioner's refusal is arbitrary, and that the issues to be resolved by this court are (1) "Whether the trade-mark 'Retractable-Anvil' is generically descriptive of a feature of the goods," and (2) "Whether the evidence submitted, in view of the nature of the term, is sufficient to support a claim of secondary meaning, or distinctiveness."

Assuming the first suggestion is in reality at issue, if we correctly interpret the language in appellant's brief, it must be answered in the affirmative. Appellant clearly acknowledges that "it recognizes that its trade-mark 'Retractable-Anvil' has certain descriptive properties, and because of this registration has been sought under Section 2(f) of the Act of 1946 * * *." Also in its brief, appellant states "The necessity of protecting one who has adopted a mark *descriptive of its product* as the insignia of his business * * *." (Italics supplied.)

With respect to the second suggestion, which is clearly at issue, appellant alleges use of the notation since 1940, and introduced certain advertising material in which the term is associated with appellant's company. For example, "Inter-

national Stapling Machines Featuring the 'Retractable-Anvil'" and "International Staple and Machine Company manufacturers of 'Retractable-Anvil,'" and others of like character.

The above appears to be the extent of appellant's evidence in attempting to discharge its burden of proving secondary meaning or distinction.

In holding that appellant's evidence was insufficient, the commissioner pointed out two patents issued to one Werner Schafroth, Chief Executive Officer of applicant company, and signer of the instant application, covering a stapling device and machine. One of the patents refers to "penetrating members being formed with a crescent shaped anvil surface;" and the other refers in many instances to "penetrating anvil," from which the commissioner concluded there is no doubt that an "anvil" is a common element of a stapling device.

Since the real issue here relates to the question of sufficiency of proof, we take the liberty of quoting at some length from the commissioner's discussion and evaluation.

"In addition to the two patents which are identified and claimed by applicant, the records of the Patent Office reveal the following four additional patents granted to Werner Schafroth: No. 2,469,050 (May 3, 1949) for a stapling machine which provides 'mechanical means for actuating staple clinching *anvils* through an arc of about 100 degrees, holding them in the extreme or clinching position, and then *returning the anvils to their original* position * * *'; No. 2,469,055 (May 3, 1949) for a stapling machine having 'rotary piercing anvils'; No. 2,470,727 (May 17, 1949) for an *anvil* clinching staple machine which provides 'mechanical

evidence that the mark has become distinctive, as applied to the applicant's goods in commerce, proof of substantially exclusive and continuous use thereof as

a mark by the applicant in commerce for the five years next preceding the date of the filing of the application for its registration." **15 U.S.C.A. § 1052.**

means for driving staples through flaps or ends of closed cartons and actuate staple clinching *anvils* to pierce the material, clinch the inner ends of the staples and then *withdraw the anvils* leaving the staples in place'; and No. 2,488,940 (November 22, 1949) for a staple machine having *retractable clinching anvils* in which it is stated, among other things, that 'The present invention relates to stapling machines and is conceived primarily with a stapling machine of the *retractable anvil type*,' and 'The anvils are subsequently withdrawn and this type of stapling machine has heretofore become known as *a retractable anvil stapling machine*.' The term 're-tractable anvil' is used in the specifications and claims of this last mentioned patent in at least a dozen places to describe the machine.

"Exhibits filed in support of the application show a number of descriptive uses of the term, such as, 'featuring the Retractable Anvil'; 'The retractable anvil stapler which closes filled cartons from the outside'; drawings of the anvil with explanatory material which includes 'This final view shows the staple completely clinched and the anvils retracted'; International Stapling machines exclusively feature the patented principle of the 'retractable anvil'; 'The Retractable Anvil was invented, perfected, and incorporated in machines, especially designed for its use by Werner Scha-froth * * *'; 'International's engineers are ready to solve your individual packaging problems by building the retractable anvil into stapling machines'; 'The anvils are retracted, leaving a neat and perfect clinch inside the carton;' and others. Several of the models pictured in the exhibits obviously include the mechanism covered by Patent No. 2,488,940 for a staple machine having retractable clinching anvils. The evidence submitted leads to but one conclusion, namely, the term 'Re-tractable Anvil' has not acquired a secondary meaning, i. e., it has not become distinctive."

We have carefully examined and considered the various contentions set out and discussed by appellant in its brief as well as the decisions cited in support thereof but in view of our agreement with the correctness of the commissioner's holding, it is not necessary to discuss them.

The decision appealed from is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.